**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KENDRA FUNCHEZ-COHEN, | : | **CIVIL ACTION NO.:** |
| | : | |
| *Plaintiff,* | : | 12 – 75 |
| v. | : | |
| | : | |
| TENET HEALTH PHILA, INC. d/b/a | : | |
| HAHNEMANN UNIVERSITY | : | |
| HOSPITAL, | : | **JURY TRIAL DEMANDED** |
| *Defendant.* | : | |

**COMPLAINT AND JURY DEMAND**

**I.    PRELIMINARY STATEMENT:**

1.      This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Kendra Funchez-Cohen ("Funchez-Cohen"), a former employee of Defendant, Tenet Health Phila, Inc. d/b/a Hahnemann University Hospital, who has been harmed by the Defendant's discriminatory employment practices.

2.      This action arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, et seq., the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 et seq, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601, et seq., and Pennsylvania common law.

**II.    JURISDICTION AND VENUE:**

3.      The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §§1331 and 1391 as Plaintiff's claims are substantively based on the ADA and the FMLA.

4.      The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C.

§1367 to consider Plaintiff Funchez-Cohen's claims arising under the PHRA and

Pennsylvania common law.

5.      All conditions precedent to the institution of this suit have been fulfilled and

Plaintiff Funchez-Cohen has satisfied all jurisdictional prerequisites to the maintenance of

this action.  On October 11, 2011,  a Notice of Right to Sue was issued by the United

States Equal Employment Opportunity Commission ("EEOC") and this action has been

filed within ninety (90) days of receipt of said notice.

**III.    PARTIES:**

6.      Plaintiff, Kendra Funchez-Cohen ("Funchez-Cohen"), is a twenty-eight

(28) year old individual and citizen of the Commonwealth of Pennsylvania, residing

therein at 7344 Theodore Street, Philadelphia, Pennsylvania 19153.

7.      Defendant, Tenant Health Phila, Inc. d/b/a Hahnemann University Hospital

("Defendant"), is a corporation duly organized and existing under the laws of the

Commonwealth of Pennsylvania, maintaining a place of business located at Broad and

Vine Streets, Mail Stop 300, Philadelphia, Pennsylvania 19102.

8.      At all times relevant hereto, the Defendant was acting through its agents,

servants, and employees, who were acting within the scope of their authority, course of

their employment, and under the direct control of the Defendant.

-2-

9.     At all times material herein, the Defendant is and has been a "person" and "employer" as defined under the ADA and the PHRA, and is accordingly subject to the provisions of each said Act.

10.     At all times material herein, Plaintiff Funchez-Cohen was an "eligible employee" as defined under the FMLA and was entitled to the protection of the provisions of said Act.

**IV.   STATEMENT OF CLAIMS:**

11.     Plaintiff Funchez-Cohen was employed by the Defendant from in or about July of 2008 until on or about August 9, 2010, the date of her unlawful termination.

12.     Throughout the course of her employment with the Defendant, Plaintiff Funchez-Cohen held the position of Certified Nursing Assistant ("CNA"), and at all times maintained an excellent job performance rating in said capacity.

13.     In or about October of 2009, Plaintiff Funchez-Cohen sustained an injury at work while attempting to move a patient.  In connection therewith, Plaintiff Funchez-Cohen immediately reported the injury to the Defendant and applied for workers' compensation benefits.

14.     In or about January of 2010, Plaintiff Funchez-Cohen was diagnosed with Lumbar Neuropathy.  Lumbar Neuropathy is a disability within the meaning of the Americans with Disabilities Act and the Pennsylvania Human Relations Act in that it substantially impairs one or more of Plaintiff Funchez-Cohen's major life activities, namely, Plaintiff Funchez-Cohen's abilities to walk, lift, sit and stand.

-3-

15.     In connection with the Lumbar Neuropathy sustained by Plaintiff Funchez-Cohen, the Plaintiff's physician required that she return to work on a light duty basis.

16.     Though the Defendant initially allowed Plaintiff Funchez-Cohen to work light duty as a reasonable accommodation for her disability, the Defendant unilaterally ceased to provide Plaintiff Funchez-Cohen with said accommodation after merely one month.  Accordingly, on or about December 1, 2009, Plaintiff Funchez-Cohen was forced to commence a leave of absence from work under the Family and Medical Leave Act ("FMLA"), as her physician would not release her to work without medical restrictions.

17.     Subsequent thereto, the Defendant barred Plaintiff Funchez-Cohen from returning to work due to her physician's insistence that she could only return to work on a light duty schedule.

18.     In or about June of 2010, Plaintiff Funchez-Cohen applied for an open lab technician position for which the Defendant had advertised.  Said position would allow Plainitff Funchez-Cohen to return to work without medical restrictions as it would not entail heavy lifting.

19.     Immediately thereafter, in retaliation for filing a claim for workers' compensation benefits and for exercising her rights under the FMLA, the Defendant denied Plaintiff Funchez-Cohen's application due to the fact that she had an open workers' compensation claim.

-4-

20.     In or about August of 2010, Stephen Krause ("Krause"), Human Resources Director, informed Plaintiff Funchez-Cohen that if her physician did "not remove the restrictions, [she would] be terminated."

21.     Shortly thereafter, on or about August 9, 2010, the Defendant abruptly terminated Plaintiff Funchez-Cohen's employment.

22.     Plaintiff Funchez-Cohen believes and avers that no legitimate business reason existed for her termination and that her employment was, in fact, terminated due to her actual and/or perceived disability, in retaliation for exercising her rights under the FMLA, and in retaliation for filing a claim for workers' compensation benefits.

**COUNT I**
**(ADA - Actual and/or Perceived Disability and/or Record of Impairment)**
**Plaintiff Funchez-Cohen v. the Defendant**

23.     Plaintiff Funchez-Cohen incorporates by reference paragraphs 1 through 22 of her Complaint as though fully set forth herein.

24.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Funchez-Cohen to discrimination by terminating her employment based on her actual and/or perceived disability and/or record of impairment constituted a violation of the ADA.

25.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Funchez-Cohen sustained permanent and irreparable harm, resulting in her termination from employment,

which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

26.     As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Funchez-Cohen suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III
### (FMLA)
### Plaintiff Funchez-Cohen v. the Defendant

27.     Plaintiff Funchez-Cohen incorporates by reference paragraphs 1 through 26 of her Complaint as though fully set forth herein.

28.     Pursuant to the FMLA, Plaintiff Funchez-Cohen was entitled to a total of twelve (12) workweeks of leave during any twelve (12) month period . . . because of a serious health condition that makes the employee unable to perform the functions of the position of such employee."

29.     The actions of the Defendant, in denying Plaintiff Funchez-Cohen the open lab technician position for which she applied and in terminating Plaintiff Funchez-Cohen's employment in retaliation for exercising her rights to take a medical leave of absence constituted a violation of the FMLA.

30.     The aforesaid actions of the Defendant were willful, malicious, wanton, in bad faith and in reckless disregard of Plaintiff Funchez-Cohen's rights.

31.     As a direct result of the willful, wanton, reckless, careless and negligent acts of the Defendant, as aforesaid, Plaintiff Funchez-Cohen has suffered a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

## COUNT I
### (Violation of Pennsylvania Public Policy)
### Funchez-Cohen v. the Defendant

32.     Plaintiff Funchez-Cohen incorporates by reference paragraphs 1 through 31 of her Complaint as though fully set forth at length herein.

33.     The actions of the Defendants, through their agents, servants and employees, in failing to hire Plaintiff Funchez-Cohen for an open lab technician position, and in terminating her employment in retaliation for filing a claim for workers' compensation benefits, constituted a violation of the public policy of the Commonwealth of Pennsylvania as articulated through the Workers' Compensation Act, 77 P.S. § 1 et seq.

34.     The Defendant's actions, as aforesaid, were willful, malicious, wanton and in bad faith and in reckless disregard of Plaintiff Funchez-Cohen's rights and interests.

-7-

35.     As a direct result of the willful, wanton, reckless, careless and negligent acts of the Defendant, acting as aforesaid, Plaintiff Funchez-Cohen has suffered severe emotional and psychological distress, discomfort, embarrassment, injury, pain and suffering as well as a loss of earnings, financial detriment and loss.

36.     By reason of the willful and malicious acts of the Defendant, acting as aforesaid, Plaintiff Funchez-Cohen is entitled to punitive damages in addition to compensatory damages, both of which she hereby claims of the Defendant.

**COUNT IV**
**(PHRA - Actual and/or Perceived Disability and/or Record of Impairment)**
**Plaintiff Funchez-Cohen v. the Defendant**

37.     Plaintiff Funchez-Cohen incorporates by reference paragraphs 1 through 36 of her Complaint as though fully set forth herein.

38.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Funchez-Cohen to discrimination by terminating her employment based on her actual and/or perceived disability and/or record of impairment constituted a violation of the PHRA.

39.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Funchez-Cohen sustained permanent and irreparable harm, resulting in her termination from employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

40.     As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Funchez-Cohen suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

41.     Plaintiff Funchez-Cohen incorporates by reference paragraphs 1 through 40 of her Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Funchez-Cohen requests this that Honorable Court enter judgment in her favor and against the Defendant and Order that:

(a)     Defendant compensate Plaintiff Funchez-Cohen with the rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to the unlawful acts complained of herein;

(b)     Defendant compensate Plaintiff Funchez-Cohen with an award of front pay, if appropriate;

(c)     Defendant pay to Plaintiff Funchez-Cohen punitive damages, and pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(d)     Such further and additional relief as may be just and proper, or that the interests of justice may require.

-9-

## JURY DEMAND

Plaintiff Funchez-Cohen demands trial by jury.


                                        **SIDNEY L. GOLD & ASSOC., P.C.**

                            By:     _____
                                    /s/Sidney L. Gold, Esquire SG 1387
                                    SIDNEY L. GOLD, ESQUIRE
                                    Attorney I.D. No.:  21374
                                    1835 Market Street, Suite 515
                                     Philadelphia, PA 19103
                                    (215) 569-1999
                                    ***Attorneys for Plaintiff***


DATE:       January 6, 2012

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

**DATE:** 01-05-12

KENDRA FUNCHEZ-COHEN